UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| PHILLIP GARRETT HUMPHREY, | ) |
| | ) No. CV-11-0350-JPH |
| Plaintiff, | ) |
| | ) ORDER GRANTING DEFENDANT'S |
| | ) MOTION FOR SUMMARY JUDGMENT |
| v. | ) |
| | ) |
| CAROLYN W. COLVIN[1], Acting | ) |
| Commissioner of Social | ) |
| Security, | ) |
| | ) |
| Defendant. | ) |

**BEFORE THE COURT** are cross-motions for summary judgment. ECF ECF Nos. 20, 23. Attorney Jeffry K. Finer represents plaintiff. Special Assistant United States Attorney Franco L. Becia represents defendant. The parties have consented to proceed before a magistrate judge. ECF No. 10. After reviewing the administrative record and the briefs filed by the parties, the court **grants** defendant's motion for summary judgment, ECF No. 23.

### JURISDICTION

Humphrey applied for disability insurance benefits (DIB) on November 19, 2008. He alleged disability as of January 17, 2008 due to fractured ribs, ruptured spleen, ruptured sciatic nerve,

---

[1] Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Carolyn W. Colvin is substituted for Michael J. Astrue as the defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of 42 U.S.C. § 405(g).

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 1

cardiovascular disease[2] and back problems (Tr. 110-113, 126). The application was denied initially and on reconsideration (Tr. 66-68, 70-71).

Administrative Law Judge (ALJ) James W. Sherry held a hearing on April 13, 2010 (Tr. 26-63) and issued an unfavorable decision on May 13, 2010 (Tr. 11-20). The Appeals Council denied review on August 25, 2011 (Tr. 1-3). The ALJ's decision became the final decision of the Commissioner appealable to the district court pursuant to 42 U.S.C. § 405(g). Plaintiff filed this action for judicial review on September 23, 2011. ECF Nos. 1, 4.

## STATEMENT OF FACTS

The facts have been presented in the administrative hearing transcript, the ALJ's decision, and the briefs of the parties. They are only briefly summarized here.

Humphrey was 61 years old at the hearing. He lives with his former spouse and companion of 18 years. He completed high school and "attended a few years of Bible school." He has worked in the printing industry and as a medical transcriptionist (Tr. 15, 29-30, 35). In January 2008, following an altercation with police, Humphrey sustained broken ribs and had an emergency splenectomy. He served 90 days in jail for assaulting a police officer (Tr. 41-42, 134). In June 2008, he was arrested for violating a no contact order. Humphrey alleges he was assaulted following this arrest (Tr. 43-45, 134).

At the hearing Humphrey testified he was working part-time,

---

[2]Treatment for coronary artery disease is noted in 2005 and 2006. In 2007 Humphrey had no complaints of chest pain or other cardiac related symptoms (Tr. 220-221).

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 2

20 hours per week and receiving partial unemployment benefits (Tr. 13, 31-32). He can no longer work as a medical transcriptionist due to back pain and right leg pain and weakness (Tr. 15-16, 39-40, 45, 49). He can sit for about an hour, stand for 30 minutes and stand and/or walk for four hours out of eight. He can walk one block (Tr. 16, 53-55).

### SEQUENTIAL EVALUATION PROCESS

The Social Security Act (the Act) defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act also provides that a plaintiff shall be determined to be under a disability only if any impairments are of such severity that a plaintiff is not only unable to do previous work but cannot, considering plaintiff's age, education and work experiences, engage in any other substantial gainful work which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B). Thus, the definition of disability consists of both medical and vocational components. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520, 416.920. Step one determines if the person is engaged in substantial gainful activities. If so, benefits are denied. 20 C.F.R. §§ 404.1520(a)(4)(I), 416.920(a)(4)(I). If not, the decision maker proceeds to step two, which determines whether

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 3

plaintiff has a medically severe impairment or combination of impairments. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).

If plaintiff does not have a severe impairment or combination of impairments, the disability claim is denied. If the impairment is severe, the evaluation proceeds to the third step, which compares plaintiff's impairment with a number of listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii); 20 C.F.R. § 404 Subpt. P App. 1. If the impairment meets or equals one of the listed impairments, plaintiff is conclusively presumed to be disabled. If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step, which determines whether the impairment prevents plaintiff from performing work which was performed in the past. If a plaintiff is able to perform previous work, that plaintiff is deemed not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). At this step, plaintiff's residual functional capacity (RFC) is considered. If plaintiff cannot perform past relevant work, the fifth and final step in the process determines whether plaintiff is able to perform other work in the national economy in view of plaintiff's residual functional capacity, age, education and past work experience. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *Bowen v. Yuckert*, 482 U.S. 137 (1987).

The initial burden of proof rests upon plaintiff to establish a *prima facie* case of entitlement to disability benefits. *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971); *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). The initial burden is

met once plaintiff establishes that a physical or mental impairment prevents the performance of previous work. The burden then shifts, at step five, to the Commissioner to show that (1) plaintiff can perform other substantial gainful activity and (2) a "significant number of jobs exist in the national economy" which plaintiff can perform. *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984).

**STANDARD OF REVIEW**

Congress has provided a limited scope of judicial review of a Commissioner's decision. 42 U.S.C. § 405(g). A Court must uphold the Commissioner's decision, made through an ALJ, when the determination is not based on legal error and is supported by substantial evidence. *See Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985); *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). "The [Commissioner's] determination that a plaintiff is not disabled will be upheld if the findings of fact are supported by substantial evidence." *Delgado v. Heckler*, 722 F.2d 570, 572 (9th Cir. 1983) (*citing* 42 U.S.C. § 405(g)). Substantial evidence is more than a mere scintilla, *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n. 10 (9th Cir. 1975), but less than a preponderance. *McAllister v. Sullivan*, 888 F.2d 599, 601-602 (9th Cir. 1989). Substantial evidence "means such evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citations omitted). "[S]uch inferences and conclusions as the [Commissioner] may reasonably draw from the evidence" will also be upheld. *Mark v. Celebrezze*, 348 F.2d 289, 293 (9th Cir. 1965). On review, the Court considers the record as a whole, not just the evidence supporting the

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 5

decision of the Commissioner. *Weetman v. Sullivan,* 877 F.2d 20, 22 (9th Cir. 1989)(*quoting Kornock v. Harris*, 648 F.2d 525, 526 (9th Cir. 1980)).

It is the role of the trier of fact, not this Court, to resolve conflicts in evidence. *Richardson,* 402 U.S. at 400. If evidence supports more than one rational interpretation, the Court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1987). Thus, if there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or nondisability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987).

### ALJ'S FINDINGS

ALJ Sherry determined Humphrey was insured through December 31, 2013 (Tr. 11, 13). At step one, the ALJ found Humphrey's work after onset was less than substantial gainful activity (Tr. 13). At steps two and three, the ALJ found Humphrey suffers from coronary artery disease, diabetes mellitus, hypertension, hyperlipidemia, lumbar degenerative disc disease with radiculopathy, status post splenectomy and status post left rib fracture, impairments that are severe but do not meet or medically equal a Listed impairment (Tr. 13-14). He found Humphrey can perform a wide range of light work (Tr. 15).

With respect to credibility, the ALJ found Humphrey's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, his statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent that they are inconsistent with the ALJ's RFC assessment (Tr. 16). At step four, relying on a vocational expert, the ALJ found Humphrey is capable of performing his past work as a transcribing machine operator (Tr. 19, 58). The ALJ concluded plaintiff was not disabled from January 17, 2008, through May 13, 2010, the date of his decision  (Tr. 20).

**ISSUES**

Humphrey alleges the ALJ's credibility assessment is flawed. ECF No. 21 at 1. The Commissioner responds that the ALJ gave clear and convincing reasons supported by substantial evidence in support of his credibility finding, and asks the court to affirm ECF No. 24 at 8-9, 18.

**DISCUSSION**

Humphrey alleges the ALJ erroneously rejected his testimony as not fully credible.

It is the province of the ALJ to make credibility determinations. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). However, the ALJ's findings must be supported by specific cogent reasons. *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990). Once the claimant produces medical evidence of an underlying medical impairment, the ALJ may not discredit testimony as to the severity of an impairment because it is unsupported by medical evidence.  *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998). Absent affirmative evidence of malingering, the ALJ's

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 7

reasons for rejecting the claimant's testimony must be "clear and convincing." *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995). "General findings are insufficient: rather the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Lester*, 81 F.3d at 834; *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993).

The ALJ found plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms, but found Humphrey's statements concerning the intensity, persistence and limiting effects of the symptoms were not credible to the extent they were inconsistent with the ALJ's RFC assessment for light work.

The ALJ concluded Humphrey's allegations regarding his condition are inconsistent with (1) the medical evidence, (2) his limitations reported elsewhere, (3) his daily activities, and (4) his lack of treatment and prescribed medication (Tr. 16-19).

With respect to reason (4), Humphrey alleges the ALJ improperly used SSR 82-59 when he relied on the lack of treatment and lack of prescribed medication as diminishing credibility. Humphrey alleges because he has no medical insurance, he has been unable to afford testing. He alleges the ALJ mischaracterizes this as refusing to follow prescribed treatment. ECF No. 21 at 4-7.

Humphrey's interpretation of SSR 82-59 and of the ALJ's reasoning is incorrect.

*SSR 82-59*

Noncompliance with medical care or unexplained or inadequately explained reasons for failing to seek medical treatment can cast doubt on a claimant's subjective complaints. 20

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 8

C.F.R. §§ 404.1530, 426.930; *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989). SSR 82-59 delineates the circumstances in which the Commissioner can deny benefits on the basis that the claimant has failed to follow prescribed treatment. *See* 20 C.F.R. § 416.930; *Roberts v. Shalala*, 66 F.3d 179, 183 (9th Cir. 1995).

The procedures the Ruling mandates (including an opportunity for claimant to explain why treatment has not been followed and contacting the treating physician) apply only to claimants who would otherwise be found disabled. *See Roberts*, 66 F.3d at 183. As in *Roberts*, ALJ Sherry did not did not premise denial of Humphrey's benefits solely on unexplained or inadequately explained reasons for failing to seek or follow medical treatment, as noted. Humphrey is therefore not entitled to these protections.

Even if we assume for the sake of argument the ALJ erred in relying on these reasons, any error is harmless because the ALJ's remaining reasoning and ultimate credibility determination are adequately supported by substantial evidence, *see Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1162-63 (9th Cir. 2008), as discussed below.

*Testimony inconsistent with the medical evidence*

The ALJ indicates the medical evidence does not support Humphrey's allegation he suffers extreme limitations and is unable to sustain full time work. The ALJ is correct. After an examination in February 2009, A. Peter Weir, M.D., found Humphrey has no work-related restrictions. Despite claims of left arm and leg weakness, strength was normal in all extremities (Tr. 13, 16, 18, 301-03). Although lack of medical evidence cannot form the sole basis for discounting pain testimony, it is a factor that the

ALJ can consider in his credibility analysis. *Burch v. Barnhart*, 400 F.3d 676, 680 (9th Cir. 2005). Moreover, the ALJ notes no treating doctor has opined Humphrey is unable to work.

*Reports of limitations inconsistent with testimony*

Humphrey testified he needs a whole day off after he works five hours (Tr. 33). He also testified he needs a day off after working a five hour day for four days consecutively (Tr. 48). In December 2008 Humphrey reported he worked two seven hour days in a row, followed by a four hour day (Tr. 153). As the ALJ notes, there is nothing in the record to suggest Humphrey's condition worsened after 2008 to account for the apparent difference in stamina levels. In the same December 2008 report, the ALJ notes Humphrey stated he lived alone, attended a weekly two hour alcohol class, cooked easy meals, ironed, cleaned, shopped, vacuumed, read, drove, used public transportation and was able to lift 20 pounds (Tr. 16, 153, 155-58). He testified he is only able to lift eight pounds (Tr. 53).

*Daily activities*

Humphrey's daily activities are not consistent with allegedly disabling limitations. *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989)(it is well-established that the nature of daily activities may be considered when evaluating credibility).

As indicated activities include cooking, vacuuming, driving, shopping, using the computer, working part-time and reading. In 2009 Humphrey told Dr. Weir his hobbies are fishing and playing bass guitar (Tr. 13, 16, 18, 301-03).

No physician has opined Humphrey is unable to work. Before onset, in March 2007, treating doctor Rita Snow, M.D., notes

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 10

Humphrey "has been feeling reasonably well" (Tr. 272). The ALJ observes a treatment note in October 2008 [after onset] indicates Humphrey appears to be doing well and walks 30 minutes a day (Tr. 17, 19, 266-67), although Humphrey testified he can walk one block (Tr. 55).

After reviewing the record, the undersigned finds the ALJ's reasons for discounting Humphrey's credibility clear, convincing, and fully supported by the record. Accordingly, the ALJ did not err by concluding that plaintiff's subjective complaints regarding the extent of his functional limitations were not fully credible.

## CONCLUSION

Having reviewed the record and the ALJ's conclusions, this court finds the ALJ's decision is free of legal error and supported by substantial evidence. Accordingly,

**IT IS ORDERED:**

1. Defendant's motion for summary judgment, **ECF No. 23,** is **GRANTED.**

2. Plaintiff's motion for summary judgment, **ECF No. 20,** is **DENIED.**

**IT IS SO ORDERED.** The District Court Executive is directed to file this Order, provide copies to the parties, enter judgment in favor of defendant, and **CLOSE** the file.

**DATED** this 8th day of March, 2013

                                                 S/ James P. Hutton
                                                 JAMES P. HUTTON
                               UNITED STATES MAGISTRATE JUDGE

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 11